Case 1:17-cv-00218   Document 5   Filed on 01/31/18 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAFAEL RAMIREZ,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 17-218 |
| | § | |
| **LUIS LOPEZ, ET AL.,** | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 18, 2017, Plaintiff Rafael Ramirez, a prisoner in a Texas state jail, filed a civil rights complaint against Defendants Luis Lopez, Jorge Hernandez, Cameron County Sheriff Omar Lucio and "Jane or John Does." Dkt. No. 1. The crux of Ramirez's complaint is that he was injured by defective handcuffs.

The Court has an independent obligation to review Ramirez's claims. 28 U.S.C. § 1915(e)(2). After conducting this review, it is recommended that Ramirez's complaint be dismissed for failure to state a claim upon which relief can be granted.

**I. Background**

Ramirez's complaint is relatively straightforward. On February 23, 2017, Ramirez was in the custody of the Cameron County Sheriff. Dkt. No. 1, p. 4. Ramirez claims that he was "handcuffed without the cuffs being locked," causing a permanent scar on his wrist and cutting off blood circulation for "hours." Id. In response to Ramirez complaining about his wrist pain, Lopez – a jailer with the Sheriff's Department– stated that he "forgot to lock the cuffs" before applying them. Id. Hernandez – a Lieutenant with the Sheriff's Department – stated that "I guess we need to oil these cuffs before applying them to you." Id.

Ramirez's complaint states that Sheriff Lucio "needs to have some type of preventive maintenance" to prevent "this type of injury" from occurring again. Dkt. No. 1, p. 4. There is no allegation in the complaint that any defendant intentionally injured Ramirez with the

1

handcuffs or denied him medical treatment for his injuries.

On October 18, 2017, Ramirez filed a civil rights complaint against Lopez, Hernandez, Lucio and the Doe Defendants. Dkt. No. 1. Ramirez identified the Doe defendants as "Jane or John Does to which could be involved in this claim, i.e. maintenance [or] manufacturer." Id.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

"[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). "Regardless of the theory of liability that a plaintiff is pursuing, in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." McClendon v. City of Columbia, 305 F.3d 314, 325 (5th Cir. 2002).

**B. Section 1915**

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added). See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed in forma pauperis; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)(emphasis added) (quoting Startti v. U.S., 415 F.2d 1115, 1116 (5th Cir. 1969)). "A complaint is frivolous if it lacks an arguable basis in law or fact." Black v. Warren, 134 F.3d at 733.

**C. Rule 12(b)(6)**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662,

3

678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

### III. Analysis

Affording Ramirez the latitude required for a pro se litigants, neither the record – nor the law – support his claim. It can be easily inferred from Ramirez's complaint that the handcuffs in some way malfunctioned, causing his injuries. He mentions the manufacturer and the staff responsible for maintaining it as possible defendants. Dkt. No. 1, p. 4. Ramirez also blames Sheriff Lucio for not ensuring "preventative maintenance" of the handcuffs. Id.

No matter the theory under which Ramirez's claims may be viewed, he has failed to state a claim upon which relief can be granted.[1]

---

[1] Ramirez has neither paid the filing fee, nor filed a motion seeking to proceed in forma pauperis. Under federal law, he must do one or the other. 28 U.S.C. § 1914 (pay filing fee), 28 U.S.C. § 1915 (proceed in forma pauperis). This deficiency is curable and does not affect the ultimate result. Accordingly, the Court will assume that Ramirez is financially qualified to proceed in forma pauperis, and turns to the merits of his claims.

### A. Excessive Force

"To prevail on an excessive force claim, a plaintiff must establish: (1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Ramirez v. Knoulton, 542 F.3d 124, 128 (5th Cir. 2008). Ramirez has pled facts showing an injury to his wrist; meeting the first element. He does not fair as well regarding the second and third elements.

"The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396 (1989). Ramirez has pled no facts to show: that the officers used force in placing the handcuffs on him; that the jailers were not entitled to place him in handcuffs; or, that the jailers knew that the handcuffs were broken, but used them anyways. All of the facts pled by Ramirez reflect that he was injured when the handcuffs malfunctioned. From the perspective of a reasonable officer at the time, there is no basis to conclude that the force used against Ramirez was "clearly excessive" to the need. Ramirez, 542 F.3d at 128. Furthermore, there no basis to conclude the use of force was "clearly unreasonable." Id. Accordingly, Ramirez cannot sustain a claim of excessive force.

### B. Substantive Due Process

The Fourteenth Amendment's substantive due process rights protect against "the most egregious official conduct" that is "arbitrary in the constitutional sense." Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). The Courts have made clear that negligent acts by government officials do not violate a plaintiff's substantive due process rights. McClendon, 305 F.3d at 325.

In this case, all of the facts pled by Ramirez show that the defendants, at most, acted negligently by not ensuring that the handcuffs were in proper working order. There are no facts pled showing that any defendant acted egregiously or intentionally sought to injure Ramirez by using the broken handcuffs on him. Again, Ramirez has failed to plead a substantive due process claim.

**C. Cruel and Unusual Punishment**

Nor can Ramirez maintain a claim against any of the Defendants, for inflicting cruel and unusual punishment.[2]

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.' " Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). Deliberate indifference requires that the prison official be aware of the "substantial risk of serious harm" and deliberately ignore it. Farmer, 511 U.S. at 837.

As previously noted, Ramirez has pled no facts to show that any defendant intentionally inflicted "unnecessary and wanton" pain on him with the broken handcuffs. All of the facts pled by Ramirez indicate that the Defendants unknowingly used broken handcuffs on Ramirez, causing injury. Ramirez cannot sustain a claim based upon deliberate indifference, if the defendants were reasonably unaware of any danger associated with using the handcuffs. Hipp v. Manning, 42 F.3d 641 (5th Cir. 1994) (defendants were not deliberately indifferent when they negligently and unknowingly placed the plaintiff in harm's way). Thus, as with the other possible theories for relief that might apply to Ramirez's claim, the cruel and unusual punishment theory does not entitle Ramirez to relief.

---

[2] The complaint does not state if Ramirez was a pre-trial detainee or a post-trial prisoner. While the Fourteenth Amendment protections safeguard pre-trial detainees, the Eighth Amendment's cruel and unusual punishment clause applies to post-trial prisoners. Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979). The protection afforded each class of individuals is, for present purposes, the same. Gautney v. King, 252 F.3d 435 (5th Cir. 2001) (unpubl.) ("[T]he same standards are used to analyze claims under either the Eighth or the Fourteenth Amendment." (citing Hare v. City of Corinth, Miss., 135 F.3d 320, 324 (5th Cir. 1998)). For ease of reference, the Court will examine Sanchez's claims under the Eighth Amendment.

**IV. Recommendation**

It is recommended that Rafael Ramirez's complaint, Dkt. No. 1, be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 31, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge